**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CLARENCE W. SIMMONS, <br><br> Plaintiff, <br><br> v. <br><br> N.J.D.O.C., <br><br> Defendant. | Civil Action No. 21-19975 (MAS) (DEA) <br><br> **OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Plaintiff's application to proceed *in forma pauperis* (ECF No. 1-1) and the Court's *sua sponte* screening of Plaintiff's Civil Complaint. (ECF No. 1.) Having reviewed the application, this Court finds that leave to proceed *in forma pauperis* is warranted in this matter, and Plaintiff's application is granted. As Plaintiff will be granted *in forma pauperis* status, this Court is required to screen his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's Complaint shall be dismissed in its entirety.

**I.    BACKGROUND**

In his Complaint, Plaintiff contends that he has earned a number of work credits which will not ultimately apply to his sentence as he expects to serve only a statutory mandatory minimum sentence. (ECF No. 1 at 5.) Because he cannot benefit from these sentence credits in the ordinary fashion, Plaintiff believes he is entitled to monetary compensation for his credits under various

state statutes and regulations, which he believes he is being improperly denied by prison staff. (*Id.*). He therefore seeks to bring suit in this matter against the New Jersey Department of Corrections seeking monetary damages.

## II.   LEGAL STANDARD

Because Plaintiff shall be granted *in forma pauperis* status, this Court is required to screen his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting

*Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability it "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III. DISCUSSION

In his Complaint, Plaintiff seeks to raise a claim based on the alleged improper denial of compensation for work credits against the New Jersey Department of Corrections. The Department, however, is an arm of the state and is therefore immune from suit under 42 U.S.C. § 1983, and is entitled to Eleventh Amendment immunity to the extent Plaintiff believes his civil suit arises from some other source. *See, e.g., Walker v. Beard*, 244 F. App'x 439, 440-41 (3d Cir. 2007); *Grabow v. S. State Corr. Facility*, 726 F. Supp. 537, 538-39 (D.N.J. 1989). The New Jersey Department of Corrections is therefore absolutely immune from suit in federal court in this matter, and Plaintiff's Complaint, which names the Department as the sole Defendant, must therefore be dismissed with prejudice.[1]

---

[1] Because Defendant is clearly immune from suit in federal court in this matter, this Court need not and does not resolve the question of whether Plaintiff may be entitled to compensation for his allegedly unused work credits under state law. To the extent Plaintiff wishes to press that claim against the Department, he must do so in state court.

## IV.    CONCLUSION

For the reasons expressed above, Plaintiff's application (ECF No. 1-1) is granted and Plaintiff's Complaint (ECF No. 1) is dismissed with prejudice. An order consistent with this Opinion will be entered.

*[signature]*
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE